OLIVIA A. BROWN *et vir.,* Respondents, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Railroads:** PARALLEL PUBLIC HIGHWAYS: RESPECTIVE DUTIES. Where a railway and highway are parallel and near together, the traveller and the railway servant should each regard the probability of the other using their respective places of travel near the same place at the same time, and should each use reasonable care according to the situation in managing their respective vehicles. The traveller must keep his team in hand so as to control them on the appearance of a train; the railway servant should manipulate his engine only in the usual and necessary way for ordinary and necessary signals.

2. ———: ———: ———: UNUSUAL SIGNALS: ACTION. In such condition of parallel roads, an engine should not be permitted to suddenly throw out a large volume of steam with unusual and terrifying noise calculated to terrify horses of ordinary gentleness, and the company will be liable for injuries by reason of such unusual signals and conduct.

3. ———: ———: UNUSUAL SIGNALS: SCIENTER: DEFENSE. The fact that the railway servant does not know of the presence of the traveler will not relieve the company from liability for injuries resulting from unusual signals, nor must the traveller show an intention on the part of the railway servant to frighten his team.

4. ———: ———: DEDICATION: ACTION. Though the parallel public highway is on the railroad's right of way which has not been condemned for a public road, such fact will not relieve the railway company from liability, if it has been used as a public highway without protest on the part of the company.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) The court erred in overruling the defendant's demurrer to the plaintiffs' evidence. There was a total failure of proof to sustain the allegations of plaintiffs' petition. Turner v. McCook, 77 Mo. App. 196; Chouquette v. Railroad, 152 Mo. 257. (2) The defendant railway company was not liable for plaintiff's horse becoming frightened while on a highway adjacent to the railway, by noises which were necessarily incident to the movements of its trains or engines or by the ordinary escape of steam from its engine. Patterson Ry. Ac. Law, p. 152. (3) The defendant's engineer was not bound to know the proximity of plaintiff's horse to its railway track. He must be shown to have had actual knowledge of such proximity and, hence, the court committed error in giving instructions asked by the defendant. Railroad v. Stanger, 32 N. E. Rep. 209; Hargis v. Railroad, 12 S. W. Rep. 953; Calhoon v. Railroad, 85 Wis. 570; s. c., 55 N. W. Rep. 900; Railroad v. Crittenden, 42 Ill. App. 469; Lamb v. Railroad, 140 Mass. 79; Railroad v. Pool, 49 S. W. Rep. 1060; Railroad v. Juday, 49 N. E. Rep. 843; Railroad v. Burkhardt, 34 At. 1010. (4) Under a petition alleging that an engineer negligently and willfully opened a valve of his engine whilst plaintiff's horse was near by, frightening him and causing him to run away, the plaintiffs can not recover upon proof that the engineer or employee in charge of the engine negligently failed to discover the proximity of the horse to the railway track. Wallace v. Railroad, 42 S. W. Rep. 865; Chitty v. Railroad, 148 Mo. 64; Miller v. Clark, 78 Mo. App. 447; O'Brien v. Loomis, 43 Mo. App. 29; Bindbeutal v. Railroad, 43 Mo. App. 463. (5) The court committed error in permitting the plaintiffs to introduce evidence tending to show that while

the roadway upon which Mrs. Brown was driving was not a public street and was conceded to be merely a roadway upon defendant's right of way, which had been for ten years or more used as a roadway by the public. This was a variance from the allegations of plaintiffs' petition, permitting her to allege one cause of action in her petition and to recover upon another and different cause of action.

*Barnett & Barnett* for respondent.

(1) That the defendant is liable for frightening the plaintiff's horse, resulting in her injury, by the negligent throwing off of steam and by causing loud, unusual or sudden noise under circumstances liable to frighten horses, there can be no question under the authorities. Hudson v. Railroad, 14 Bush. 305; Railway v. Bellew, 54 S. W. Rep. 1079; Railroad v. Traub, 47 S. W. Rep. 282; Billman v. Railroad, 76 Ind. 166; Railroad v. Barnett, 59 Pa. St. 259.

ELLISON, J.—This action is for personal injury to plaintiff, in which she had judgment in the trial court for two thousand dollars.

The facts necessary to understand are that plaintiff, a married woman, owned a horse and buggy which she frequently used in going from place to place in and out of the city of Sedalia. Defendant has a line of railway running through Sedalia, and one of the streets of the city runs for some distance along and over the right of way parallel with the track. Plaintiff's horse was gentle and was not at all liable to be frightened by the ordinary movement or noise of engines and trains. On the day of injury plaintiff was driving along said street so parallel with defendant's track and came up opposite to where there was a standing engine with no escaping smoke

or steam and apparently "lifeless," when, without warning, defendant's servants in charge of the engine so manipulated it as to permit a sudden escape of steam with extraordinary noise, the steam enveloping the horse and so frightening him as to cause him to get beyond plaintiff's control and run away, throwing her to the ground and inflicting severe injuries to her person.

The principal contention made by the defendant in argument, was that the evidence (controlled by the law applicable thereto) was insufficient to support plaintiff's case. The evidence tended to support the statement which we have just generalized as facts in the cause. The law is, that where there is a railway and highway running parallel and near together, the traveller upon the one and the servants in charge of the train upon the other, should each regard the probability of the other using their respective places of travel near the same place at the same time. Each should use reasonable care and caution (governed much by the situation of the two highways with respect to each other) in managing their respective vehicles of travel. Ordinary prudence of a common-sense man controls in such situation. Therefore, one driving along a highway near a railway track should have his animals in hand sufficiently to make reasonable endeavor to keep them in control if a train should pass; and those in charge of the running of the train should not manipulate the engine in an unusual or unnecessary way. This would not prevent the servants of the railway from giving ordinary and necessary signals, as well as those required by law, in a proper manner, having regard to the situation, and if an accident happens to the traveller upon the highway by reason of such signals he can not recover. Circumstances, here as in most other instances, should govern the conduct of the railway servants. For instance, they must necessarily frequently give signals by loud sound of the

whistle, but they should not do so when passing under a bridge where horses and vehicles are likely to be passing over at any time. Nor should they permit the engine to suddenly throw out a large volume of steam with unusual and terrifying noise when so near a travelled highway in a town or city (where they must necessarily know that persons with vehicles will probably be at any moment) that the act would terrify horses of ordinary gentleness or docility. The latter illustration is this case, as the evidence in plaintiff's behalf tends to make it. The following authorities are in point, some of them directly and others in principle. Billman v. Railroad, 76 Ind. 166; Rogers v. Railroad, 150 Ind. 397; Railroad v. Schmidt, 147 Ind. 638; Flynn v. Railroad, 169 Mass. 305; Presby v. Railroad, 66 N. H. 615; Mitchell v. Railroad, 100 Tenn. 329; Hudson v. Railroad, 14 Bush. 305; Railroad v. Barnett, 59 Pa. St. 259.

In the circumstances set forth as to the facts of this case, it is of no consequence that defendant's servants in charge of the engine may not have actually seen plaintiff on the street. Nor is it necessary to the liability of defendant that the servants should have intentionally undertaken to frighten plaintiff's horse. But, as before intimated, the operation of engines and trains is necessarily accompanied with noise, and signals are a necessary means. For these things the railway is not liable, unless the noise is unusual, or the escape of steam is excessive. Cahoon v. Railroad, 85 Wis. 570; Lamb v. Railroad, 140 Mass. 79.

The evidence tended to show that a part of the travelled street was on defendant's right of way and that it was not a regularly condemned or dedicated thoroughfare. But it was likewise shown that it had been used as a street for a long space of time and was recognized as such by the people without protest or objection from defendant. In such circumstances, the fact

that it was not a regularly-laid-out street of the city does not affect defendant's liability.

An examination of the record has convinced us that the evidence in plaintiff's behalf made out her case under the law, which we consider was properly declared by the trial court.

The judgment will be affirmed. All concur.