O'DONNELL, Appellant, v. O'NEILL, Respondent.

St. Louis Court of Appeals, April 14, 1908.

1. AUTOMOBILES: Unusual Noises: Reasonable Care. Where the operator of an automobile produced no unusual noise in running the machine and, on first discovering that a horse driven to a buggy was about to be frightened, stopped his machine and ran it backward to prevent frightening the horse, he was not liable to the driver of the horse for damage caused by its fright and running away.

2. ———: ———: ———. The operator of an automobile is not necessarily negligent in running his automobile into and across a street when horses are passing by, so long as such horses do not exhibit fright and his machine does not emit unusual noises.

Appeal from St. Louis City Circuit Court.—*Hon. James F. Withrow,* Judge.

AFFIRMED.

*Joseph A. Wright* and *A. A. Paxson* for appellant.

(1) The care required of the automobile operator is commensurate with the risks to which he exposes others on the highways, and demands a vigilant watch and stopping when danger is imminent. McFern v. Gardner, 121 Mo. App. 1; Ward v. Meredith, 220 Ill. 66; Christy v. Elliott, 216 Ill. 45; Strand v. Grinnell Automobile Co. (Iowa), 113 N. W. 488; Shinkle v. McCullough, 116 Ky. 960. (2) If the automobile emitted loud noises and approached the horse in a threatening manner, the defendant cannot escape liability on the ground that such noises and movement were usual, for he might reasonably have apprehended danger; bringing this case by analogy within the rule laid down in cases where locomotives and other objects and sounds frighten horses. Feeny v. Railroad, 123 Mo. App. 420; Phelan v. Paving Co., 115 Mo. App. 423; Brown v. Railroad, 89 Mo. App. 192; Water Co. v. Whiting, 58 Kan. 639.

*Geo. T. Priest* and *T. E. Francis* for respondent; *Boyle & Priest* of counsel.

The court did not err in sustaining defendant's demurrer to the evidence on the theory that the evidence disclosed no negligence on the part of defendant. Defendant had a lawful right to operate his machine upon the street at the time and place in question and he was not liable for injuries resulting to plaintiff on account of his horse taking fright at the automobile, unless he continued to operate his machine after he saw, or could have seen by the exercise of ordinary care the fright of plaintiff's horse. There being no evidence that he operated his machine so as to frighten said horse after he discovered, or could have discovered, said fright by

the exercise of ordinary care, there is no negligence shown on his part and, therefore, the demurrer was rightly sustained. Nason v. West, 65 N. Y. Supp. 651; Macomber v. Nichols, 34 Mich. 212; House v. Cramer, 112 N. W. 3; Holland v. Bartch, 123 Ind. 46; Indiana Springs Co. v. Brown, 74 N. E. 615; Thompson v. Dodge, 58 Minn. 555; Molyneaux v. Railway, 81 Mo. App. 25; Amusement Co. v. Brockschmidt, 17 Am. Neg. Rep. 498; Stanton v. Railway, 91 Ala. 382.

GOODE, J.—Appellant filed this action to recover damages for a personal injury alleged to have been due to respondent's negligence in operating an automobile. The accident occurred October 18, 1902, in the forenoon, and on West Pine Boulevard in the city of St. Louis, at a point between Spring and Vandeventer avenues. It is alleged the automobile emitted loud hissing and puffing sounds caused by using gasoline in the propelling of the machine, and by the exhaust of gases in the engine propelling it; that the automobile was large, bright in color and different from the other vehicles used in the streets, and the noise it emitted and its appearance were likely to frighten horses, especially when the machine was driven toward them without warning. It is further stated that while appellant was driving in his buggy along Pine street, respondent's automobile was standing on the south side of said street near the curb; that as appellant was passing the machine, respondent who was in charge thereof, while he saw, or by the exercise of ordinary care could have seen appellant driving in close proximity, suddenly and carelessly ran the machine near appellant's horse and within two feet of the same; and while the machine was being thus run toward appellant's horse, respondent carelessly and negligently permitted loud, violent and hissing sounds to escape from it, frightening appellant's horse, which ran away, causing the buggy to strike the

sidewalk and throw plaintiff to the ground. The answer is a general denial. A line of carriages was drawn up on either side of the street in front of a residence where a funeral was in progress. Respondent was attending the funeral and had gone there in his automobile. The machine was on the south side of Pine street against the curb and to the west of the line of carriages. Between the row of carriages on the north and south sides of the street was a passageway about ten feet wide, through which vehicles could go. Appellant was driving through said defile behind a coal wagon and eight or ten feet to the rear. He was going westward. When the coal wagon had passed out of the defile and appellant's buggy was in the act of passing out, respondent started in a northerly or northeasterly direction across the street in his machine, thus bringing it in front of and not far from the head of appellant's horse. The noise and sight of the machine frightened the animal, which reared and almost immediately ran away, throwing appellant out of the buggy. As soon as the horse gave signs of fright, respondent backed his machine and stopped. According to the testimony of plaintiff and all the witnesses who spoke about the matter, the noise of the automobile was not unusual but like that emitted by any gasoline automobile. At the conclusion of the testimony for appellant the court gave an instruction that under the law and evidence the verdict must be for respondent; whereupon appellant took a nonsuit with leave to move to set the same aside; which motion having been made and overruled and judgment entered against appellant, the present appeal was prosecuted.

We thought on the argument this appeal must fail and a reading of the record and the cases in point has confirmed this opinion. The decisions cited for appellant, and others we have looked into which support a finding of negligence in the management of an automobile or engine, whereby some one was injured, all con-

tain and turn on the fact that the person in charge of the machine, after he saw the danger to which another was exposed from it, might have averted the accident by stopping or doing something else; or else on the fact that the machine was emitting unusual noises. The cases most in point are, of course, those in which horses, frightened by a machine, injured persons in vehicles they were drawing. In these decisions it either appeared the evidence would support a finding that after the person in charge of the machine, ought to have discerned the uneasiness of the horse, he omitted to stop the machine, or that there was something out of the ordinary about the noise of the machine. [McFern v. Gardner, 121 Mo. App. 1, 97 S. W. 972; Feeny v. Railroad, 123 Mo. App. 420, 99 S. W. 477; Phelan v. Railroad, 115 Mo. App. 423, 91 S. W. 440; Brown v. Railroad, 89 Mo. App. 192; Topeka Water Co. v. Whiting, 58 Kas. 639; Ward v. Meredith, 220 Ill. 66; Chrisy v. Elliott, 216 Ill. 31; Strand v. Automobile Co. (Ia.), 113 N. W. 488; Shinkle v. McCullough, 116 Ky. 960.] And see, too, annotation to Christy v. Elliott, 11 R. A. (N. S.) 215. Most of those cases deal with automobile accidents, and the others involve facts governed by the same principles of law. The uniform testimony in the present case proves respondent reversed his automobile, ran back toward the curbing and stopped as soon as appellant's horse showed fright. Appellant himself testified the noise was not different from that of other automobiles. With these two facts established, the case is discriminated from all those in which the finding of negligence was supported. The question then comes down to this: might a jury, consistently with the general rules of the law of negligence, find respondent was negligent in running across the passageway between the carriages, when he could see appellant's horse was about to emerge from said passageway? When appellant first noticed the automobile, it was, he said, six or seven feet south,

slightly west of his horse and coming across the street, and when it stopped it was immediately in front of the horse. The impression made is that respondent ran the automobile from the south curb to the middle of the street in order to turn around, and in so doing brought it in front of the mouth of the defile between the carriages, as appellant was in the act of passing out of the defile. It is argued that respondent should have anticipated the automobile might frighten the horse in crossing the pathway, and was negligent in not waiting to start the machine across the street until appellant had driven past. In support of this argument considerable stress is laid on the rarity of automobiles in St. Louis at the time of the accident (five or six years ago) as compared with the present time. What ratio the automobiles then in use bears to the number in use now, we do not know; but they were common in St. Louis then, and we attach little importance to this point. Our opinion is that merely running the automobile into the street while appellant's horse and other horses were passing by, did not bespeak negligence and the inference of negligence from that fact alone would be unfair. Appellant and his horse and buggy and respondent and his machine, enjoyed equal rights in the use of the street and each was bound to observe reasonable care for the other's safety. What would fulfill the reasonable care exacted by the law, is to be determined from the extent of danger incident to the use of the respective vehicles. [Cases supra.] Automobiles are constantly driven along streets past horses without frightening them, and if the appearance and movement of a particular automobile and the noise incident to its operation are in no way unusual, it is not, *per se*, a wrongful act to operate it in proximity to a horse so long as the horse exhibits no fright. Therefore respondent was within his rights in running his machine in the street until he observed, or ought, in common prudence, to have observed appel-

lant's horse was alarmed. As soon as the horse showed alarm, respondent backed away from it and stopped, thereby doing what he could to allay the fright of the horse and prevent a casualty.

We find no evidence of negligence in the case and affirm the judgment of the lower court. All concur.