WILBER LONG, by next friend, v. W. A. WARLICK.

(Filed 25 May, 1908.)

**Negligence—Evidence—Nonsuit.**

In an action for damages occasioned by an injury received by reason of a motorcycle frightening a horse so that it then ran over plaintiff, a motion as of nonsuit upon the evidence should be allowed, when it appears from unconflicting testimony that the horse gave no indication of fright until he was nearly up to the defendant; that the defendant stopped the noise of the machine as soon as he saw the horse, a distance of about 150 yards, and that the machine was standing still when the horse ran over plaintiff and injured him.

ACTION tried before *Peebles, J.,* and a jury, at October Term, 1907, of RUTHERFORD.

This was an action for damages for personal injuries received by plaintiff, alleged to have been caused by negligence of defendant in operating a motorcycle upon the streets of Forest City. It was alleged that defendant frightened a horse driven by one Lytton, and the horse ran away and ran over plaintiff, throwing him to the ground and injuring him. There was judgment against defendant for $200, and he appealed.

*McBrayer, McBrayer & McRorie* and *B. A. Justice* for plaintiff.

*Gallert & Carson* for defendant.

BROWN, J.   At the conclusion of the evidence the defendant moved to nonsuit plaintiff, upon the ground that there was no evidence that the defendant was guilty of negligence. Upon a careful review of the evidence we are of opinion that his Honor erred in declining to grant this motion.

There is nothing in the record which indicates that the use of motorcycles upon the streets of Forest City is prohibited by law, or that the defendant was operating his machine either carelessly, negligently or at an unlawful rate of speed. The defendant was not required to anticipate that the horse would be frightened at his cycle, although it was his duty to stop his machine when he discovered that the horse was frightened by it and likely to get beyond control.   According to the evidence of plaintiff's witnesses the horse gave no indications of fright and did not see the cycle until he was nearly up to the defendant.   The plaintiff's witness, Francis, says: "The horse did not seem scared until he saw the cycle, and I think but for it the driver could have controlled him.   Until the horse ran over the bridge, I thought the driver had him under control.   He saw the cycle about the time he struck the bridge."

Plaintiff's witness, Lytton, the driver of the horse, states that the horse did not begin to shy until near the machine, and that it was when he was opposite it that the horse shied out of the street.   According to the other witnesses the horse began to give evidence of fright when some twenty-five yards from the machine.   The defendant's evidence tends to prove that he cut off his gasoline and stopped the puffing noise some 150 yards before he met the horse and as soon as he discovered him, and that when the horse shied and ran the buggy on the sidewalk and hurt plaintiff the wheel was standing still.

148—3

The entire evidence tends to prove that plaintiff's injury was a misadventure and was not brought about by any negligent conduct of defendant.

The motion to nonsuit is allowed and the
Action Dismissed.