## Adolph P. Geschwindner, Appellant, v. Maurice Comer, Appellee.

1. AUTOMOBILES AND GARAGES—*sufficiency of evidence to support verdict in action for injury by collision.* In an action for damages resulting from a collision of defendant's car with plaintiff's at a street intersection where, by ordinance, defendant had the right of way if they reached the intersection at substantially the same time, and the evidence was contradictory as to whether plaintiff's car was struck after he had turned into the intersecting street or just as he was turning, a verdict for defendant should not be disturbed.

2. WITNESSES—*when form of question subject to general objection.* In an action for damages resulting from an automobile collision, where a witness testifying to a conversation he had with plaintiff was asked, "How did that argument end," a general objection to the question was properly sustained in the form in which it was put.

3. APPEAL AND ERROR—*exclusion of evidence subsequently admitted as harmless error.* No prejudice could have arisen from the sustaining of an objection to a question as to how a certain argument ended where the witness later was allowed to detail the entire conversation.

4. APPEAL AND ERROR—*error in excluding evidence as cured by verdict.* In an action for personal injuries, the exclusion of testimony of a witness as to plaintiff's condition while not properly subject to the objection made that it was a conclusion and the witness was not a physician, was not reversible error where the jury evidently found that plaintiff was not entitled to recover regardless of the extent of his injuries.

5. INSTRUCTIONS—*when instruction in language of ordinance and statute not error.* In an action growing out of a collision of automobiles at intersecting streets, instructions which gave the ordinance and statute governing the right of way in such cases in their exact language and told the jury it was the duty of plaintiff to give defendant, the right of way if they found that both parties were reaching the intersection at approximately the same time, were not objectionable as leaving the construction of the ordinance and statute to the jury.

6. AUTOMOBILES AND GARAGES—*intersection of streets within meaning of statutes and ordinances as to right of way.* Where a street runs into and ends at another street at right angles with it, they intersect within the meaning of statutes or ordinances governing the right of way of vehicles at intersecting streets.

Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

FARTHING, BOYLES & FARTHING, for appellant

JOHN E. HAMLIN and JOHN W. FREELS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

In a collision between the automobiles of appellant and appellee at or near the corner of Fourteenth street and Summit avenue in the City of East St. Louis, on October 15, 1921, appellant was injured and his car damaged and this suit has been brought by appellant to recover damages therefor from appellee.

As it appears from the proof, Summit avenue in said city runs east and west and Fourteenth street north and south. Just north of Summit avenue at the point where Fourteenth street joins it is a public park known as "Sunken Gardens," which extends north for one block. Fourteenth street does not cross the Sunken Gardens but begins again on the north side of them. The collision occurred about 9 o'clock p. m. Appellant came north on Fourteenth street towards Summit avenue alone in his car. As he reached the avenue he stopped a moment to permit another car which was proceeding along the same from the west to pass. He then proceeded across the avenue and turned or partially turned west near the north side of that street. Appellee was driving west on Summit avenue with three other persons in the car with him, within 2 or 3 feet of the north curb on his right. He and his passengers testified that his car approached Fourteenth street at the rate of 12 to 15 miles per hour. He and his witness testified that appellant drove across the street coming at the rate of 15 or 18 miles an hour and drove right in front of him, that he applied his emergency and foot brakes but it was

impossible for him to avoid the collision.   The proof
seems to show that appellee's car struck the right rear
fender and right rear wheel of appellant's car and
appellee claims that this was due to the fact that ap-
pellant's car was at the time angling or going in a
diagonal line across the street.   The evidence is con-
tradictory as to whether appellee struck appellant's
car after appellant had turned west on Summit avenue
or just as he was turning west thereon.   Under this
condition of the proof the verdict of the jury should
not be disturbed if the record is free from reversible
error.

Appellant complains of the trial court's ruling on
an objection made by appellee to the testimony of the
witness Elmer Miller.   This witness was testifying
to a conversation he had with appellee just after the
accident, and was asked by counsel for appellant,
"How did that argument end?"   A general objection
by appellee was sustained to this question.   This ob-
jection was properly sustained to the question in the
form in which it was put and in any event appellant
was not injured thereby for the reason that the wit-
ness was afterwards allowed to detail the entire con-
versation between him and appellee.   Objection is also
made to the court's ruling on an answer made by the
witness E. C. Farguson.   This witness had testified
that he went to appellant's home soon after the acci-
dent and he was then asked, "What did you find there
with reference to Mr. Geschwindner's condition?"   He
answered, "I found Mr. Geschwindner in a condition
of pain.   He seemed to be in great pain.   Didn't know
anybody and didn't seem to realize what he was say-
ing."   The witness was not a physician and the an-
swer was objected to on the ground that the witness
should tell what he saw and not state any conclusion.
The objection was sustained by the court.   This tes-
timony might well have been admitted but the sus-
taining of the objection was not reversible error in

this case for the reason that it only went to show the extent of appellant's injuries. Physicians and others testified that he was injured and it was proven beyond question that he had received injuries in the collision, but the jury evidently found that appellant did not show a right of recovery in the case even though he suffered the injuries complained of.

Complaint is also made of instructions given in behalf of appellee, designated as A, B, F, G and H. Instructions A and B will be considered together. They are as follows: (A) "The court instructs the jury that the ordinance of said City of East St. Louis regulating traffic on the streets of said city, at the time of the collision in question, provided as follows: 'All vehicles traveling upon any street of the city shall give the right of way to other vehicles approaching along any intersecting street from the right, and shall have the right of way over those approaching from the left.' "

(B). "The court instructs the jury that under the Statute of Illinois and the ordinance of the City of East St. Louis, in force at the time of the collision in question, unless you believe from the evidence that there were circumstances justifying other action, it was the duty of the driver of the automobile going north on Fourteenth street when approaching Summit avenue to give the right of way to the driver of the automobile driving west on Summit avenue, and approaching the intersection with said Fourteenth street, if you believe from the evidence that the two automobiles were reaching the intersection of said streets at approximately the same time." It is urged that both of these instructions are erroneous for the reason that the construction of the ordinance and statute is by these instructions left to the jury. Instruction A is in the language of the ordinance introduced in evidence and is identical with the statute on the same subject. We do not see how these instructions in

this respect could have misled the jury. In cases where the Motor Vehicle Act was under consideration, it has been held that an instruction which lays down a rule of law in the words of the law itself is good. (*Kessler v. Washburn*, 157 Ill. App. 532; *Ward v. Meredith*, 220 Ill. 66.) It is also contended that these instructions are erroneous for the reason, as it claimed, that Fourteenth street and Summit avenue do not intersect. It is contended by appellant that for Fourteenth street to intersect Summit aveune so as to come within the ordinance and statute, it would have to cross Summit avenue and extend on north. One of the definitions of "intersect" given by the Cyclopedia of Law and Procedure, volume 23, page 39, is "to cut into or between."

In construing the words of a statute or ordinance, it is necessary to have in mind the object sought to be attained, and the language used should be given that construction within reasonable bounds as will best tend to carry out such object. Traffic ordinances and statutes are enacted for the benefit and protection of all users of streets. It is but natural and proper that the same rule governing the approach of motor vehicles to the place where this accident occurred would have applied had Fourteenth street continued directly on through the park north of Summit avenue. The construction of the word "intersection" in the ordinance and statute, contended for by appellant, would leave locations such as that existing at the place in question, without any authorized rule governing the approach of motor vehicles at right angles from the two streets. In our opinion, Fourteenth street and Summit avenue intersect at the place in question, within the meaning of the statute and ordinance. It was therefore not error to give the instructions above referred to.

We have carefully examined the objection to other instructions made by appellant and find that they are

not well taken. The judgment in this case will be affirmed.

*Affirmed.*