ALEX TYBURSZEC *v.* SAIDIE HEATTER ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

184

Argued January 7—decided April 8, 1954

*Walter A. Mulvihill,* for the appellants (defendants).

*A. Arthur Giddon,* with whom were *Israel Libby* and, on the brief, *Morton E. Cole* and *Cyril Cole,* for the appellee (plaintiff).

DALY, J. In this action for personal injuries, the jury returned a verdict for the plaintiff. From the judgment rendered thereon the defendants have appealed. In the assignments of error they claim that

the court erred in its charge to the jury as well as in its refusal to charge as requested, in its denial of their motion to set the verdict aside, and in rulings on evidence.

So far as they are material to dispose of the claim that the court erred in refusing to charge as requested, the facts which the plaintiff claimed to have proved may be summarized as follows: On March 22, 1947, he was driving a wagon loaded with hay on Whisconier Hill Road, a public highway in the town of Brookfield, and his two daughters were with him. The wagon was being hauled by a team of horses. As it was proceeding along the center of the highway, one of the plaintiff's daughters told him that the defendants' truck was overtaking them from the rear. The plaintiff then drove to the extreme right side of the road. While in that position, the defendant operator, Zeno, increased the speed of the truck, passed to the left of the wagon, but close enough to brush some of the hay off, and then cut the truck sharply to his right, almost striking the head of the nearer horse. This caused both horses to start running away and, although the plaintiff tried to stop them, he was unable to do so as they raced down the hill. At the bottom of the hill, the plaintiff was thrown from the wagon and injured.

The pertinent claims of proof of the defendants are the following: Whisconier Hill was an oiled, macadam type, rural road and was eighteen to nineteen feet wide. Proceeding westerly from its junction with route 25, it ran on a descending grade. As the plaintiff drove down the hill, the defendants' truck approached from the rear. The plaintiff turned to the right and gave the defendant Zeno a hand signal to pass. At this point there were no other vehicles on the highway. As Zeno passed the wagon,

the nearer horse, a roan, which was fractious, jumped against the other horse, an older gray mare, and both started to run away. When the horses reached the bottom of the hill they broke loose from the wagon, which came to a stop. The roan was purchased by the plaintiff in November, 1946. The plaintiff had owned the gray for eight years prior thereto. Previous to the accident, the team did not pull together. The roan was frisky and pulled ahead of the gray when they were in harness together. The roan was of a nervous temperament before the accident. On the day before the accident, the plaintiff had trouble with him. He jumped, got ahead of the gray mare and would not obey.

The contention of the defendants, based upon their claims of proof, is that one of the issues in the case was whether the plaintiff's injuries were caused by the intractable behavior of his horses resulting from the fright of one or both of them, rather than by any negligence of the defendant Zeno, the agent of the defendant Heatter. The defendants claim that the court, by its refusal to charge as requested, precluded the jury from deciding this question and, therefore, erred. They have assigned as error the court's refusal to charge in accordance with certain of their requests to charge. In their brief, they have not pursued their claim with regard to two of the requests. Among the requests were the following: "A motorist has the right to operate his automobile on the public highway and is not an insurer against the fright of horses using the highway at the same time, and if damage is done by a horse taking fright at an automobile properly operated, the operator of the automobile is not liable. He is not required to anticipate that the horse will become frightened." "Unless the

operator of the motor vehicle discovered or in the
exercise of due care should have discovered that the
horses were frightened at his approach, he had a
right to proceed to pass the horses exercising ordi-
nary care." "And this is particularly so where the
horses have given no sign of restiveness up to the
time of passing and the . . . driver of the horses has
given the [operator of the motor vehicle] no signal
to stop." The court charged in general terms that,
if the jury did not find that the defendants were
negligent, they would not be warranted in finding
for the plaintiff, but it made no reference to the
specific principles of law set forth in the requests.

Automobiles are constantly being driven along
streets past horses without frightening them, and
unless there is something unusual about the ap-
pearance or operation of a car it is not a wrongful
act to operate it in proximity to a horse. Unless
the defendant driver observed, or ought, in the exer-
cise of reasonable care, to have observed, that the
plaintiff's horses were alarmed, he was within his
rights in passing the team driven by the plaintiff,
provided, in doing so, he exercised due care. *O'Don-
nell* v. *O'Neill,* 130 Mo. App. 360, 365, 109 S.W. 815.
He was not responsible for damage resulting from
the fright of the horses unless some negligence on
his part was a substantial factor in producing that
fright. *Long* v. *Warlick,* 148 N.C. 32, 33, 61 S.E. 617;
*Mahoney* v. *Beatman,* 110 Conn. 184, 196, 147 A. 762;
3 Berry, Automobiles (7th Ed.) p. 681. When either
party has offered evidence which he claims proves
a certain set of facts important to the decision of
the case and properly requests the court to charge
the law applicable to those facts, it is the duty of
the court to comply in substance with the requests.
*Berman* v. *Kling,* 81 Conn. 403, 407, 71 A. 507. The

substance of the requests to charge, which were correct and adapted to the issues, should have been incorporated in the charge, since the instructions otherwise given were not sufficient for the guidance of the jury. *State* v. *Alderman*, 83 Conn. 597, 601, 78 A. 331. The refusal of the court to charge as requested was erroneous and harmful. As this conclusion will require a new trial, other assignments of error made by the defendants do not require discussion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.