DeAntonio *v.* New Haven Dairy Co.

---

## LOUIS DEANTONIO *vs.* THE NEW HAVEN DAIRY COMPANY.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND WOLFE, Js.

The jury might reasonably have found that, as the plaintiff was driving his automobile about ten miles an hour along a concrete highway, twenty feet in width, with his left wheels near the edge of the pavement and his right wheels upon the dirt shoulder of the road, the defendant's large and heavily loaded truck approached him from the opposite direction proceeding on its extreme right side of the highway in the third of its four speeds, with its right front wheel off the edge of the pavement, and when, at a distance of about three hundred feet from the point of collision and while upon a descending grade about seventy-five feet in length, the rear end of the truck skidded upon the concrete, which was covered with a thin sheet of ice, and, despite the efforts of its driver to straighten it out by turning the right front wheel on to the pavement, and to stop it by applying his brakes when about fifteen feet from the plaintiff's car, it continued to skid sidewise at an increasing angle, until, at the time when it struck the plaintiff's car, its rear end had crossed the center of the road. *Held:*

1. That the jury were justified in concluding that the defendant's driver was negligent and that the plaintiff, although he testified

DeAntonio *v.* New Haven Dairy Co.

that he did not see the truck from the time it left the top of the grade until it struck his car, was not guilty of contributory negligence.

2. That the trial court's definition of negligence as "the imperfect performance of some legal duty" could not, in view of the rest of the charge, be construed as requiring an absolute or perfect compliance with the law.

3. That the allegations of the complaint and the evidence in support of them, warranted the submission to the jury of the question whether the defendant's driver was negligent through violation of the statute (§ 25 of Chapter 400 of the Public Acts of 1921) forbidding the operation of a motor vehicle recklessly or at an unreasonable rate of speed having regard to conditions of the highway and the weather, or through violation of § 1 of Chapter 246 of the Public Acts of 1923 concerning the duty of a driver to reduce his speed and turn to his right upon meeting another vehicle.

4. That whether a driver can be held to have violated this latter statute, when his failure to keep to his right is the result of skidding and is thus not deliberate or intentional, depends upon whether or not the skidding itself was the result of his own negligent acts or omissions.

5. That the trial court correctly instructed the jury that a violation of a statutory rule of the road constitutes actionable negligence when it is the proximate cause of the injury.

6. That the jury were properly instructed that, under the plaintiff's allegation that the truck was not under control, they were to consider not only whether the defendant's driver was negligent in going down the grade in the manner he did, but also whether he was negligent in going down at all, for, under certain circumstances, the descent of a steep and slippery hill might be so obviously hazardous that reasonable care would forbid the undertaking.

Argued January 21st—decided March 5th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Brown, J.;* verdict and judgment for the plaintiff for $3,500, and appeal by the defendant. *No error.*

The jury might reasonably have found the following material facts pertaining to the collision between the

plaintiff's car and the defendant's truck: On the morning of December 24th, 1924, at about seven o'clock, the plaintiff was driving a Ford roadster southerly along North Main Street in Thomaston on his way to work in a clock factory in that village. The highway was of concrete, twenty feet wide, with dirt shoulders on either side. As a result of a sleet storm during the night the roadway was covered with a thin sheet of ice. The plaintiff was driving his car, which was not equipped with chains, at about ten miles per hour along his extreme right-hand side of the road, the left wheels near the edge of the concrete and the right on the dirt shoulder near an embankment extending above the level of the road and four or five feet from the edge of the pavement. As he was proceeding in this manner the defendant's three-ton truck loaded with about a ton and a half of ice cream and ice was being driven northerly, from Waterbury to Torrington and Winsted. At a point about three hundred feet southerly from the place of collision, the truck came upon a descending grade of six or seven per cent for a distance of about seventy-five feet. From the bottom of this grade northerly the road was practically level. As the truck was descending the grade, the rear end skidded to the left on the icy concrete, and continued to so skid at an increasing angle until, after skidding about two hundred feet, the rear end crossed the center of the road and, fifty feet further on, the truck being then nearly at right angles with the road, a can-rack on the rear struck the plaintiff's car, tearing off the upper part of it and seriously injuring the plaintiff. When the truck began to skid the right front wheel was off the pavement to the right and the driver tried to turn to the left in order to straighten the car, but could not get the wheel over the edge of the concrete, and the truck continued to go sidewise until it struck the

plaintiff's car. The truck had four speeds and was in third at the time. The driver did not apply brakes until within about fifteen feet of the plaintiff's car.

*Walter J. Walsh*, for the appellant (defendant).

*Cornelius J. Danaher*, for the appellee (plaintiff).

HINMAN, J. The defendant contends, in furtherance of its appeal from the refusal of the trial court to set aside the verdict, that the evidence did not warrant the jury in holding the plaintiff to have been free from contributory negligence or the driver of defendant's truck negligent. The plaintiff testified that he saw the truck at the top of the grade but did not observe it again until it struck his car, and the defendant claims that he was negligent in not noting the course subsequently taken by the truck and in not stopping in time to avoid the collision. We think, however, especially in view of the position in which the plaintiff was driving, nearly off the concrete to his right and leaving almost the entire width of the road to other traffic, that the jury might well have held that reasonable care required or permitted that, instead of watching other traffic from which no danger was likely, he give, as he apparently did, close attention to guiding his own car, particularly considering the icy conditions and the fact that he was driving largely on the dirt shoulder, and close to the adjoining embankment; also they might reasonably have found that, even if he had watched the truck, as it approached him, more closely, he could not have turned further away from its course because of the embankment, and that if he had stopped his car the collision would have occurred, notwithstanding.

If, as the jury were justified in holding, the collision

was not due to the negligence of the plaintiff, it follows that it was caused by fault of the defendant's driver or was an accident unavoidable by the exercise of reasonable care. The defendant contends that the cause was the skidding of the truck without fault on the part of its driver. It is true, as the trial court charged the jury, that the skidding of an automobile is not an occurrence of such a character as, of itself, necessarily to establish or constitute negligence in the operation of an automobile. If the driver acted as would a reasonably prudent person, under the circumstances, he is not to be held negligent merely because the car skidded and did damage. But upon the evidence here it was an open question whether or not the conduct of the defendant's driver was such as to render this rule applicable. It appeared that he was entirely familiar with the road and with its general condition on the morning in question, knew the truck, its weight and that of its load, and its characteristics, and it was for the jury to determine whether the skidding was not reasonably to be anticipated and more effectively guarded against; whether the use of third rather than a lower gear, the rate of speed indicated by the circumstances and results, the failure to apply brakes until the collision was imminent, the driver's conduct in directing and confining his efforts to an attempt to get the front wheels in line with the rear by turning the former to the left, or any other element of the situation, constituted negligence in not preventing or restricting the skidding of the truck. Upon the evidence before them they reasonably might, as they did, decide that question adversely to the defendant.

The first assignment of error in the charge relates to a mention of negligence as "the unintentional or imperfect performance of some legal duty," which the defendant claims is capable of construction as requir-

ing perfect compliance in order to absolve one from negligence; but a reading of the entire charge on the subject makes clear that the expression was used only in the sense of inadequacy in performance amounting to a breach of duty, and the nature of actionable negligence and reasonable care was correctly and fully expounded and explained.

Error is also claimed as to that part of the charge which submitted to the jury the question as to whether the defendant's driver was negligent through violation of the statute (Chapter 400 of the Public Acts of 1921, § 25) which prohibits operation of a motor vehicle recklessly or at an unreasonable rate of speed having regard to conditions of the highway and weather. Negligence in this respect was clearly contemplated by, and within the scope of, the allegations of the complaint, and there was evidence tending to prove facts, rendering the statute applicable. Negligence by violation of § 2 of Chapter 334 of the Public Acts of 1921, subsection *a* (Chapter 246 of the Public Acts of 1923, § 1), concerning reducing speed and turning to the right upon meeting another vehicle was within the general allegation of illegal operation on the left-hand side of the highway. *Mezzi* v. *Taylor,* 99 Conn. 1, 9, 120 Atl. 871, and cases cited. The defendant contends, further, that since it appears that the defendant's servant did not voluntarily drive on his left-hand side of the highway but came into that situation because of the skidding of the truck, such failure to comply with this rule would not constitute negligence. Failure to keep to the right when, *through no fault of the driver* an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute. *Chase* v. *Tingdale Brothers,* 127 Minn. 401, 149 N. W. 654; Huddy on Automobiles (8th Ed.) § 333; Berry

on Automobiles (4th Ed.) § 865. But if such skidding results from negligent acts or omissions of the driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional.

It is claimed, further, that the court erred in its instruction that violation of one or more of these statutory rules would constitute negligence. Such, however, is our law, and when such negligence is the proximate cause of injury it is actionable. *Lukosevicia* v. *Bartow,* 99 Conn. 723, 727, 122 Atl. 709; *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310.

The circumstances of this case rendered unusually desirable and proper an explanation of the interrelation of the statutory rules involved with each other and with the common-law rules of negligence, and the manner in which this subject was specifically treated, taken in connection with the other portions of the charge relating to negligence, was not inadequate or misleading, as the appellant claims.

The remaining assignment which requires discussion is that, in stating to the jury the plaintiff's claim that the defendant's driver was negligent in driving down the grade at all under the circumstances, the court submitted an issue not raised by the pleadings, since the complaint contains no specific allegation of such an element of negligence. The gist of the court's summary of the claims made by the plaintiff as to this phase of the case is, first, that the defendant's driver, knowing the road and the grade, the icy condition existing at the time, the weight and characteristics of the truck, and other circumstances, should, if exercising reasonable prudence, have known that if he drove down the grade the truck was likely "to skid and get out of control" and so that it was dangerous and negligent for him to so drive down; further, that, since he went

down, he should have driven more slowly "and had his truck more fully under control," or should have been in lower gear than third "so that his car could have been controlled," or should have used his brakes earlier than he did, or should not have applied power in an effort to turn the right front wheel over the edge of the concrete, instead of then trying to stop the truck; and this section of the charge concludes, "and so plaintiff claims that the defendant's conduct by its failure in either one or both of these particulars" (viz., in going down at all, or in going down in the manner he did) "resulted in this, that just prior to the collision the defendant, as alleged, did not have its truck under control." It is evident from contemplation of the entire statement by the court as to what the plaintiff claimed in this respect as imposing liability upon the defendant, that all the claimed acts and omissions mentioned therein related to and were properly regarded as within that allegation of the complaint which charged negligence in failing to have the truck under control, and so submitted no new and unpleaded element or issue.

The defendant argues in this connection that since, as the trial court charged, it had a right to drive its truck on the highway in question, it could not consistently be held to have been negligent merely because it operated it thereon, at that time and place. But, as the court made plain, that right imports freedom from negligence only when the driver "did nothing more nor less than a reasonably prudent driver would have done under the circumstances." It is easy to conceive of a hill so steep and slippery that to descend it at all, with every precaution that prudence or ingenuity could suggest, would yet be so obviously hazardous as to leave no doubt that reasonable care would forbid the undertaking. Numerous elements,

including the actual or reasonably-to-be anticipated presence of other vehicles or persons exposed to the consequences likely to ensue, are inherent in a consideration as to whether and when such descent would be consistent with reasonable care, and the question was typically one for the jury.

The instruction regarding burden of proof was adequate and the defendant was not harmed by the refusal to charge as it requested.

There is no error.

In this opinion the other judges concurred.