ALEXANDER PIASCIK, ADMINISTRATOR (ESTATE OF
CHARLES PIASCIK) *vs.* THE RAILWAY EXPRESS
AGENCY, INCORPORATED.

MALTBIE, C. J., HAINES, BANKS, AVERY and DICKENSON, Js.

Argued November 7th—decided December 4th, 1934.

*Arthur F. Libbey,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

HAINES, J.   The plaintiff's decedent was his son, a
school boy between six and seven years of age.   He
was run over and killed by a loaded truck owned by
the defendant and operated by its agent, on the after-

noon of May 24th, 1933, at the intersection of Harrison and Fourth Streets in the city of New London. The plaintiff contended that the negligence of the defendant's agent was the sole proximate cause of the fatality, while the defendant denied that its agent was negligent and alleged that, even if so found, the boy was guilty of contributory negligence. In brief, the factual claim of the plaintiff was that the boy was in the north half or lane of Fourth Street which would have been a place of safety had not the defendant's truck, going east through the intersection, suddenly veered from the south lane across the center line of the street and then turned suddenly right causing the left rear of the truck to strike him. The claim of the defendant was that the boy suddenly darted out into the street as the front end of the truck was passing out of the intersection and while in its own south lane and heedlessly ran into the truck. It was agreed that the left rear wheel passed over the boy's head, killing him instantly.

It does not appear that the defendant made any requests to charge, but four of the assigned errors are for failure of the court to charge in certain specified respects. The first two allege failure to charge as to the quantum of proof required to establish contributory negligence, viz.: that it need only be by a fair preponderance of the evidence. The court charged clearly upon the issues and explained that the burden of proving contributory negligence in this, a death case, was placed by statute upon the defendant. General Statutes, Cum. Sup. 1933, § 1149b. The jury were then told that the party who had the burden of proof upon any issue must meet it "by a fair preponderance of the evidence, that is by the better or the weightier evidence." This leaves the defendant no just cause for complaint.

The third of these assignments is that the court did not charge that if the jury found the boy was in a place of safety and if it found to be true certain other claims of the defendant as to how the accident happened, then the plaintiff could not recover. The court was not required to charge in that form. The charge as made leaves issues of fact to the jury for decision and their conclusion as to whether the plaintiff could recover depended upon the proper application of the rules of law to the facts as they determined them to be, and no question is raised as to the correctness of the charge upon the law of the case.

Finally the defendant contends that the jury should have been instructed that if they found the boy was warned of the passing truck by the shout of a playmate, then the failure of the driver of the truck to blow his horn might be deemed not a proximate cause of the accident. This might or might not be true, depending upon the circumstances. The charge on proximate cause was correct, and if the defendant desired a charge upon this feature of the case, it should have asked for it; not having done so, it has no cause for complaint.

One of the assignments of error relates to the charge as given. The court said that the plaintiff claimed that "admittedly" the boy was within the clear view of the driver "all of the time after the truck turned from Crystal Avenue into Fourth Street." The plaintiff erroneously refers us to the evidence, but it is the finding by which we must test the accuracy of this statement, and that does say that the defendant offered evidence to prove and claimed to have proved that "at about the same time" the truck was passing through the intersection the boy and three companions were shielded from the view of the truck driver by a picket fence fifty-three inches high which was

on the west side of Harrison Street. That finding also states in succeeding paragraphs that at "about the same time" the boy and a companion ran across Harrison Street to the east side; that the boy fell on the sidewalk on Harrison Street but rose and came on into Fourth Street where the truck was. These and other allegations in the defendant's claims of proof obviously contradicted the claim that the boy was out of the driver's view behind the picket fence when the truck was passing through the intersection. Moreover, it appears that in using the word "admittedly" the court was only stating the plaintiff's claims and was not then instructing the jury, and we are unable to see how they could have been misled or the defendant prejudiced under the circumstances.

The final assignment of error is the refusal of the court to set aside the verdict as against the law and the evidence, and this requires a study of all the testimony together with the maps and photographs. One such review has already been made by the trial judge, who saw all the witnesses and heard their testimony. It is apparent from the record, which shows his frequent personal questioning of the witnesses during the hearings, that he gave very close attention to all the details of the case. His conclusions are entitled to weight in this court. Our own examination shows there was a clear conflict of testimony on one of the most important features of the case, viz.: the respective positions of the boy and the truck in the short interval when the truck approached and passed through the intersection.

Construing the evidence favorably in support of the jury's verdict, as we must do, we find reasonable ground for the following conclusions: that at least from the moment he left the sidewalk on the west side of Harrison Street, fell on the walk on the east

side, got up and proceeded down to and into the north lane of Fourth Street, he could have been seen by the driver of the truck had the latter maintained a proper lookout, but he says he did not see him; the driver gave no signal or warning of his own approach to or presence in the intersection though he was familiar with the locality, and knew that children were in the habit of playing there, and in fact had sounded his horn at another intersection further down the street as a warning to children he saw playing in the street there; that the truck while coming up Fourth Street, kept to its right lane, but as it entered the intersection it swung to its left across the center line with its left wheels on the north and its right wheels on the south of that line; that Fourth Street is about twenty-two feet wide at that point and the truck body was seven feet nine inches; that as the truck was entering the intersection and about the time it veered to the left over the center line of the street, the driver was stooped over the gears and shifting to high gear, and as he straightened up again the truck and the boy came together. It is a fair conclusion from these facts that the reason the driver did not see the boy was that his attention was diverted to the gears and that the truck swung to the left when he was thus stooped over. It also reasonably appears that as he straightened up and again gave attention to the course of the truck he swung it sharply back toward the right lane, bringing the rear end against the boy. Though the evidence is in conflict, more than one of the witnesses testified that when the boy's head was run over it lay but two and one-half or three feet south of the north curb of Fourth Street, and the jury could reasonably have so found.

From these and other facts which appear in the evidence, it was not unreasonable for the jury to con-

clude that the boy was in the north lane of Fourth Street about three feet from the curb, and where he had a legal right to be at the moment he was struck, that that would have been a place of safety save for the failure of the defendant's driver to give him warning of the approach of the truck, his failure to keep the truck under control and prevent it from veering into the north lane, and his failure to see the boy when he could have seen him if he had looked and that thus the driver was guilty of negligence which was a proximate cause of the boy's injury.

We are also satisfied, from these and other facts which were warranted by the evidence, that the jury were justified in holding that this small boy was not guilty of contributory negligence and that the negligence of the defendant's agent was the sole proximate cause of his injury.

There is no error.

In this opinion the other judges concurred.