ANTHONY GIANCARLO *v.* THEODORE KARABANOWSKI ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

224

Argued March 1st—decided April 8th, 1938.

*Michael A. Ciano,* for the appellant (plaintiff).

*Michael V. Blansfield,* for the appellees (defendants).

MALTBIE, C. J.  The finding, in which no material change can be made, presents the following facts: The plaintiff was operating his motorcycle in a southerly direction on Church Street in Naugatuck, following an automobile referred to as the Sheridan car. Another automobile, owned by the defendant Theodore Karabanowski, was being driven by the other defendant, James Karabanowski, as his agent, in a northerly direction on the same street upon his right-hand side of the road, at a speed of twenty-five miles an hour.  As the two cars approached, the Sheridan car suddenly swerved to its left across the center line of the highway and struck the Karabanowski car. The collision put the steering gear of the latter car out of commission so that it could not be controlled. It swung to its left and came to a stop at the westerly side of the street.  The plaintiff, finding his path suddenly blocked by that car, was unable to stop and ran into it, suffering the injuries to recover for which he brought this action.  From a judgment for the defendant the plaintiff has appealed.

The plaintiff assigns as error the conclusions of the trial court that the negligence of the operator of the Sheridan car was the sole proximate cause of the plaintiff's injuries and that the defendant driver was not guilty of any negligence which materially contributed to those injuries. As the operator of the Sheridan car was not a party to the action, we need not discuss his liability. The trial court has found that the defendant driver was operating his car with due care, and that finding has adequate support in the record. The claim of the plaintiff that he was negligent because he might reasonably have avoided the collision by the use of his brakes could not prevail unless we made additions to the finding which are not requested, and which it would not be within our proper function to make. The only ground upon which the defendants could be held liable presented upon this record is that the driver was negligent as matter of law because of the violation of certain statutory provisions.

One of the statutes upon which the plaintiff relies provides that "no person shall wilfully drive a vehicle in such proximity to any other vehicle as to obstruct or impede traffic." General Statutes, § 1639 (c). The plaintiff's claim is that the position of the defendants' car after it came to a stop was in violation of the statute. Of course, upon the finding that the car after the collision was out of control of its driver, he could not be held to have "wilfully" driven it so as to impede traffic and the statute is not applicable. The plaintiff seems also to rely on the fact of the defendants' car crossing the center line of the highway in front of the plaintiff's motorcycle as establishing negligence on his part because of a violation of the statute which requires that, where two vehicles meet, the driver of each shall seasonably turn to the right and give half of the traveled portion of the highway

if practicable and a fair and equal opportunity to the other driver to pass. General Statutes, Cum. Sup. 1935, § 636c. He quotes from our decision in *Murphy* v. *Way*, 107 Conn. 633, 141 Atl. 858, in which we held that the application of automobile traffic regulations could not be subject to exceptions based upon individual judgment or made to depend upon the conclusion of a court or jury as to the reasonableness of their application in particular situations. We applied a like rule in *Andrew* v. *White Bus Line Corp.*, 115 Conn. 464, 161 Atl. 792, where we held that although the size of the defendant's bus was such that it could not keep to the right of the center of the intersection of two streets in making a left turn from one into the other, the statutory requirement that it do so required a finding that the driver of it was negligent. See also *O'Bannon* v. *Schultz*, 117 Conn. 619, 623, 169 Atl. 601. In this case the fact that the defendants' car was out of control of its driver when it crossed the center line of the street, in consequence of a collision which occurred without his fault, and therefore that the crossing was involuntary on his part, would prevent the application of the statute. The conclusion of the trial court that the defendant driver was not negligent is sustained by the finding. *DeAntonio* v. *New Haven Dairy Co.*, 105 Conn. 663, 668, 136 Atl. 567.

The plaintiff contends that the trial court should have disregarded certain marks appearing upon two photographs in evidence as having been made by the car. It does not appear that the court did give weight to the marks shown upon these photographs as regards any issue material to its decision. We may resort to the evidence printed in connection with the claims for correction of the finding in connection with this contention; *Finnegan* v. *LaFontaine*, 122 Conn. 561, 565, 191 Atl. 337; and it shows direct evidence

quite apart from these photographs as to the location of the particular marks which the trial court found as showing the approximate location of the collision. The remark of the trial court as to the confidence it had in a photographer who had been called as a witness by the defendants, when the plaintiff sought to attack the accuracy of the pictures made by him and in evidence, was perhaps ill-judged but it in no way prevented the offer of the testimony by the plaintiff; on the contrary he voluntarily withdrew the offer and took no exception. Had he presented the testimony the trial court would undoubtedly have fairly considered it and might have been convinced by it. Under such circumstances the plaintiff has no just ground of complaint. *Glodenis* v. *American Brass Co.*, 118 Conn. 29, 39, 170 Atl. 146.

There is no error.

In this opinion the other judges concurred.