DEOLA MARTIN *v.* LILLIAN M. B. HOLWAY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 5—decided June 26, 1940.

*Joseph P. Cooney,* for the appellant (plaintiff).

*M. J. Blumenfeld,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered in a collision between a car in which she was riding as a passenger and another car driven by one of the defendants and owned by the other. While the plaintiff assigns numerous errors as regards the finding, she presses only two in her brief, both dependent upon the testimony of two witnesses. It is not good practice to assign errors in a finding which have so little substance that they are not pressed in the brief, for, as illustrated by this instance, this may cause the printing of much unnecessary testimony, and imposes an unjustifiable burden upon court officials and opposing parties and counsel.

Making the only correction to which the plaintiff is entitled, the finding states the following situation: On the day of the accident the defendant driver was operating her car on Old River Road, which intersects from the north a through route. There is a stop sign on the road which is about a car length from the traveled portion of the through route. Old River Road as it approaches the intersection has a slight down grade. On the day of the accident it was completely covered by a coating of packed snow and ice and was in a slippery condition. This coating extended out into the through route. A thousand feet north of the intersection the defendant was driving at a speed of about twenty-five miles an hour. About forty feet before reaching the stop sign the speed of the car was some ten to fifteen miles an hour. At that point she applied the brakes, her rear wheels locked and although equipped with tire chains slid along, leaving skid marks beginning at a point about thirty-

one feet north of the sign. She intended to stop at the sign and would have done so except for the skidding of her car. As its rear wheels were abreast of the sign and its front wheels were resting on the traveled portion of the through route the car was going very slowly. She took her foot off the brake and turned the front wheels to the right in order to proceed along the through route instead of continuing across it. The momentum of the car, however, caused it to continue to skid almost straight across the through route and it was impossible to control or stop it because of the icy condition of the highway. The car collided with that in which the plaintiff was riding, which had not reached the intersection and was proceeding upon its right side of the center line of the highway. The defendants' car was out of control when it passed the stop sign and thereafter until the collision occurred, and its continued forward motion up to the time of the collision was involuntary on the part of the defendant.

The trial court concluded that the speed of the defendants' car before the brakes were applied was reasonable and that the defendant driver exercised reasonable care in applying them; that because her car was out of control she could not be held guilty of negligence in not stopping at the stop sign or crossing the center line of the through route; that she was not negligent in releasing her brakes and attempting to make the turn into the through route, her conduct being at the worst a mere error of judgment in the face of a sudden emergency which she had not created. The conclusion of the trial court that the defendant driver was not negligent in any respect in her operation of the car is one which it could reasonably and properly reach. The skidding of an automobile upon an icy road is in itself not the basis for a conclusion

that the driver has been guilty of negligence. *Nichols v. Nichols,* 126 Conn. 614, 619, 13 Atl. (2d) 591. The fact that the defendants' car did not stop at the stop sign and crossed the center line of the highway was due to no wrongful act of the driver and was involuntary on her part. While it is true that the application of automobile traffic regulations cannot be made subject to exceptions based upon individual judgment or made to depend upon the conclusion of a court or jury as to their reasonableness in particular situations, a driver is not guilty of negligence where a violation occurs by reason of circumstances beyond his control and to which no voluntary wrongful act on his part contributes. *Giancarlo v. Karabanowski,* 124 Conn. 223, 226, 198 Atl. 752; *DeAntonio v. New Haven Dairy Co.,* 105 Conn. 663, 668, 136 Atl. 567. The trial court could reasonably conclude that the action of the defendant driver, in releasing the brakes in the effort to make a turn into the through route in order to avoid the possibility of a collision, instead of continuing to apply them, was conduct in the face of an emergency not of her own creation, and that she was not negligent. *Gross v. Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 595, 169 Atl. 613; *Caplan v. Arndt,* 123 Conn. 585, 590, 186 Atl. 631.

There is no error.

In this opinion the other judges concurred.