GLADYS L. TRASK *v.* NEW HAVEN & SHORE LINE
RAILWAY COMPANY, INC., ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.
Argued April 2—decided May 8, 1941.

*Milton Nahum,* with whom, on the brief, were
*Nathan A. Schatz* and *Louis M. Schatz,* for the appel-
lant (plaintiff).

*William H. Tribou,* with whom, on the brief, was
*Edward I. Taylor,* for the appellee (named defendant).

*DeLancey Pelgrift,* for the appellee (defendant
Trask).

PER CURIAM. The main issue in this case is whether
the court could have reasonably concluded that neither
defendant was guilty of negligence. The following
facts were found: The plaintiff was a passenger in an
automobile being driven by her husband the defendant
Trask, from Saybrook to Hartford. A bus was being
operated by the defendant company on the same high-
way in the opposite direction. The accident occurred
about 4.30 p.m. on February 2, 1939, on a hill. The
road here was straight for eight hundred feet and the
grade descended toward Middletown. It was eighteen
feet wide, crowned and constructed of bituminous
macadam. The day had been rainy and a light rain

or mist was falling. Just before the accident ice formed, but neither operator had encountered any icy or slippery condition until he reached the hill in question. As the bus started up this grade, its wheels began to slip and it went over to its left side of the road. The operator then backed it to get onto his right side and apply chains. He had nearly reached his own side of the road when the accident happened. As Trask descended the grade his car went into a skid and out of control. The skid continued in spite of his efforts to check it until his car crashed into the bus, seriously injuring the plaintiff.

The plaintiff attacks this finding but no change can be made therein which will affect the issues on the appeal. Her effort in this regard having failed, it is obvious that the case presented a question of fact for the trier. *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 249, 250, 21 Atl. 675. The plaintiff seeks to have the finding corrected to state that the highway, as it ascended to the crest of the grade from the direction of Saybrook, had become icy, and that the driver of the car should have perceived this in the reasonable exercise of his faculties; but, even if we could correct the finding to show that the highway had in fact become icy, we could not conclude as matter of law that the driver under the circumstances should have perceived this before the car began to skid. The skidding of the car would only be the basis of finding that the driver was negligent if it was due to some negligent conduct on his part; *Nichols* v. *Nichols*, 126 Conn. 614, 619, 13 Atl. (2d) 591; the finding states no such conduct and we cannot conclude as matter of law that it existed. Nothing in the finding requires a conclusion that the actions or omissions of the driver of the bus were negligent.

There is no error.