OMER W. CORNWELL *v.* ABRAHAM B. ROSOFF

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 7, 1950—decided January 23, 1951

*Charles G. Albom,* with whom, on the brief, was *Nelson Harris,* for the appellant (plaintiff).

*David M. Reilly, Jr.,* with whom was *David M. Reilly,* for the appellee (defendant).

O'SULLIVAN, J.   The plaintiff sued the defendant to recover damages for injuries received in an automobile accident.   The jury returned a defendant's verdict. The plaintiff has appealed.   The assignments of error on which he relies are addressed to the finding, to the charge as given, and to the court's failure to charge as requested.

The following is the gist of the plaintiff's claims of proof: About 12:20 a. m. on September 29, 1949, the defendant was operating an Oldsmobile southerly on Whitney Avenue in Hamden.   The asphalted surface was about forty-four feet wide, from curb to curb.   A white double line ran substantially along the middle of the street.   There was no other designation of traffic lanes.   The defendant's car was proceeding in the easterly part of the westerly half of the street.   The plaintiff was one of three passengers in another car, operated by Harold Gilbert, which was following and overtaking the Oldsmobile.   Gilbert proceeded to pass the Oldsmobile on the right and had about cleared it when the defendant turned his car to the right to enter Blake Road, which intersects Whitney Avenue from the west.   A collision occurred at a point about nine feet east of the west curb of Whitney Avenue and three feet north of the extended north curb of Blake Road. The plaintiff was injured.   The defendant did not know of the approach of the Gilbert car, although he would have become aware of that fact had he glanced in his rear-view mirror.

The defendant's material claims of proof were that Gilbert was driving at fifty miles an hour and was drunk; that the plaintiff was guilty of contributory negligence because he became a passenger in Gilbert's car knowing of his condition; and that the sole cause of the accident was Gilbert's negligence.

Certain of the assignments of error are aimed at a

correction of the finding. The plaintiff seeks to eliminate a statement, not included above, that he claimed that the Oldsmobile was five or six feet from the west curb when the defendant began to turn into Blake Road. The plaintiff's point is that he made no such claim but, on the contrary, insisted that the defendant's car was much farther from the west curb. Even if the correction could be made, it would have no significance in determining the remaining assignments of error, which are addressed to the charge and its claimed deficiencies. "The finding, in the case of a jury trial, will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court." *State* v. *Gargano,* 99 Conn. 103, 106, 121 A. 657; *Puza* v. *Hamway,* 123 Conn. 205, 206, 193 A. 776; Conn. App. Proc. § 94.

The plaintiff filed six requests to charge. Of these, one dealt with the matter of damages. This calls for no discussion, since the jury found for the defendant on the question of liability. Another dealt with the principle of assumption of risk. The defendant pleaded this defense in his answer. The court told the jury that they need not give any consideration to this defense. Only the defendant could be aggrieved by this instruction.

Three other requests were not only covered in the charge but somewhat amplified. The final request was for an instruction that "it is a matter of common knowledge that a sudden blow upon the head causing concussion and unconsciousness often has the effect of destroying memory and clear recollection thereafter of the events that precede the blow." This is a paraphrase from *Toth* v. *Perry,* 120 Conn. 680, 683, 182 A. 464. There is nothing in the claims of proof to suggest even remotely that the requested charge was called for. A party cannot prevail upon error assigned in

the court's failure to charge upon a matter which is neither mentioned in nor supported by any claim of proof in the finding. *Doolittle* v. *Otis Elevator Co.*, 98 Conn. 248, 250, 118 A. 818; *State* v. *Wakefield*, 88 Conn. 164, 168, 90 A. 230.

At the conclusion of the charge, the plaintiff made objection that, in view of the facts and the conceded negligence of Gilbert, the court did not fittingly charge as to the application of the principle of proximate cause and as to the quantum of proof required of the plaintiff to hold the defendant liable. The instructions were sufficient to cover the plaintiff's claims in an adequate manner when the charge is read as a whole. *Clark* v. *George B. Wuestefeld Co.*, 132 Conn. 653, 657, 46 A. 2d 841.

The plaintiff further objected to that part of the charge wherein the court limited the use which the jury might make of the minutes of the coroner. The court instructed the jury that the minutes were available only for the purpose of establishing prior inconsistent statements of the defendant to affect his credibility. The objection was that the plaintiff had also offered the minutes to prove admissions made by the defendant. The plaintiff is confronted, however, by an inescapable difficulty. There is no finding, nor is there a transcript, to indicate the purpose for which the minutes were received in evidence. The plaintiff can, therefore, take nothing under this assignment. *Annunziato* v. *Gu-Ta, Inc.*, 120 Conn. 114, 119, 179 A. 651.

There is no error.

In this opinion the other judges concurred.