VIOLA W. GRANTHAM ET AL. *v.* JOHN BULIK ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 9—decided April 17, 1951

*Henry C. Stone,* for the appellants (plaintiffs).

*Joseph V. Fay, Jr.,* with whom, on the brief, was *Harrison D. Schofield,* for the appellees (defendants).

BALDWIN, J. This is an action to recover for injuries claimed to have been caused by the negligent

operation of the defendants' automobile on February 5, 1949. The finding, which is not subject to correction, can be summarized as follows: The plaintiffs were, respectively, driver and passenger in an automobile proceeding in an easterly direction on route 15 in the town of Vernon. The defendant Michael Bulik, hereinafter called the defendant, was driving westerly in an automobile owned by the defendant John Bulik. The highway, a two-lane concrete road with oiled macadam shoulders, was substantially level and straight for some distance. It was about 6 a. m. and dark. Fog made the visibility poor. A thin coating of ice caused the road to be slippery in spots. Each of the cars approached the other at a moderate speed and was proceeding on its own side of the road. As they were about to meet and pass, a third automobile, which had come up behind the plaintiffs' car, suddenly turned out to pass it on the left. The defendant, confronted by this situation, put on his brakes, causing his car to skid across the center line of the highway into the plaintiffs' car. The court concluded that the collision was due solely to the fault of the operator of the third car and that the defendant was not negligent.

The plaintiffs contend that the statute required the defendant to reduce his speed as he approached the plaintiffs' car and turn to the right, and that his failure to do so and the sudden application of his brakes, instead, constituted negligence as a matter of law. Section 2489 of the General Statutes provides that, where two vehicles meet, the driver of each "shall reduce its speed when reasonable care shall require and seasonably turn to the right." There was ample evidence to support the finding that as the two cars approached each other the defendant was on his own side of the highway and was proceeding at a reasonable speed under all the circumstances. Whether the skidding of

an automobile is due to negligence is a question of fact. *Baum* v. *Atkinson,* 125 Conn. 72, 75, 3 A. 2d 305; *James* v. *Von Schuckman,* 115 Conn. 490, 493, 162 A. 3. The court could properly find, as it did, that the defendant was faced with a sudden emergency not resulting from his own negligence and that in applying his brakes he acted reasonably, even though the result was that his car skidded across the center line of the highway into the path of the plaintiffs' car. Since the finding determines that the defendant's invasion of the part of the highway to his left of the center line was involuntary, the statute quoted is inapplicable. *Giancarlo* v. *Karabanowski,* 124 Conn. 223, 226, 198 A. 752. It follows that no negligence could be predicated upon the defendant's violation of it. *Trask* v. *New Haven & S. L. Ry. Co.,* 127 Conn. 724, 725, 20 A. 2d 387; *Martin* v. *Holway,* 126 Conn. 700, 703, 14 A. 2d 38.

There is no error.

In this opinion the other judges concurred.