ANNIE TAYLOR *v.* RICHARD F. CORKEY, EXECUTOR
(ESTATE OF CATHERINE KENNEDY)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued December 8, 1954—decided February 23, 1955

*Charles A. Watrous,* for the appellant (defendant).

*William H. Shields,* with whom, on the brief, were *George C. Morgan* and *Griswold Morgan,* for the appellee (plaintiff).

DALY, J. The plaintiff brought this action to recover for services under an alleged contract. In her complaint, as amended, she alleged that the defendant's decedent requested her to render cer-

tain services, including housework and nursing, and promised to compensate her adequately during the decedent's life or to make provision in her will for payment; that the plaintiff rendered such services between August 18, 1943, and July 8, 1951, the date of decedent's death; that the decedent did not pay for the services rendered and did not provide in her will for their payment, except to the extent of $166.66; and that within the time limited she presented her claim to the defendant and he disallowed it. The case was tried to the jury, and they returned a verdict of $4000 for the plaintiff. The court denied the defendant's motion to set the verdict aside. The defendant has appealed and in his assignment of errors claims the trial court erred in denying his motion, in admitting certain testimony of the plaintiff and in omitting from the finding a volunteered statement of the plaintiff made during the trial.

The defendant claims that the trial court erred in admitting certain testimony of the plaintiff given in answer to a question which was objected to as calling for an answer at variance with her more specific statement. An examination of the more specific statement shows that the plaintiff claimed to have worked for the decedent twelve days during July, 1944, on each day from a stated hour in the morning until a stated hour later in the day. The plaintiff testified that she worked for the decedent on eleven days during that month. She was permitted to testify that she had worked an average of three hours on each of the eleven days. The total of the hours she testified to was substantially less than the hours claimed in the more specific statement for the same period of time. The statement fairly apprised the defendant of the items claimed. The

variance between it and the evidence objected to was not so material as to prejudice the defendant. *Klein* v. *DeRosa,* 137 Conn. 586, 591, 79 A.2d 773.

The defendant contends that the trial court erred in omitting from the finding a statement voluntarily made by the plaintiff during the trial. By the use of the word "omitting," he purports to claim that the court failed to comply with his expressed desire that the statement be included in the finding. The finding, which is of an unusual type, is in substance a duplicate of the draft finding with a slight addition. If the defendant wished to have the statement in question contained in the finding he should have included it in his draft finding. His failure to do so induced the trial court to do that of which he now complains. His claim is without merit. *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A.2d 546; *Staff* v. *Hawkins,* 135 Conn. 316, 320, 64 A.2d 176; *Ratti* v. *P. Berry & Sons, Inc.,* 98 Conn. 522, 524, 119 A. 894.

In his motion to set aside the verdict, the defendant alleged that it was contrary to law, against the evidence and excessive. He has abandoned his claim that it was excessive. He now contends that the verdict should have been set aside because there was not clear and convincing proof of the making of an express oral contract.

As the defendant contends, a claim for compensation for services from the estate of a deceased person over and above that already received should be carefully examined by the trier. It should be established only upon clear and satisfactory proof that the services were rendered under a mutual understanding and agreement, or under circumstances that clearly and satisfactorily demonstrated, that the services were to be paid for in the manner

claimed. The reason for this rule is that the living plaintiff is in a position of great advantage because of the death of the other party to the transaction, and some check must be provided against the possibility of imposition and fraud. *Graybill* v. *Plant,* 138 Conn. 397, 400, 85 A.2d 238.

The defendant concedes that the court properly charged the jury on the standard of proof required but claims that the jury did not follow the instruction, either through failure to understand it or failure to assimilate the facts. In support of his contention he maintains that the jury were required to discredit the testimony of the plaintiff and her husband and to accept as true the testimony of his witnesses, Santoro, a handwriting expert, and Capwell, a weather observer. The fact that a witness testifies as an expert does not compel the acceptance of his testimony as true. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358; *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 463, 162 A. 4; *State* v. *Levy,* 103 Conn. 138, 146, 130 A. 96. The jury are never required to find that any testimony before them, whether contradicted or uncontradicted, is true. *Knox* v. *Binkoski,* 99 Conn. 582, 596, 122 A. 400; *Dean* v. *Connecticut Tobacco Corporation,* 88 Conn. 619, 623, 92 A. 408; *Hall* v. *Tice,* 86 Conn. 684, 689, 86 A. 560. The defendant also claims that there were contradictions, discrepancies and peculiarities in the plaintiff's evidence. It is elementary that the jury are the judge of credibility of witnesses, whether the contradiction is between different witnesses or between different statements made by the same witness. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 218. From an examination of the evidence contained in the appendices to the briefs, it appears that it was ample to support the plaintiff's claim and to satisfy

the standard of proof required in a case of this kind.

The jury are the tribunal regarded by the law as the one especially fitted to decide controverted questions of fact upon evidence. The jury decide what weight justly belongs to the evidence. If the verdict to which they have agreed is a conclusion to which twelve honest men acting fairly and intelligently might come, then that verdict is final and cannot be disturbed. *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 A. 863; *Lewis* v. *Healy,* 73 Conn. 136, 137, 46 A. 869. The concurrence of the judgments of the judge and the jury who saw the witnesses and heard the testimony is a powerful argument for sustaining the action of the trial court. *Zullo* v. *Zullo,* supra. We are to decide only whether there was evidence which the jury could have reasonably credited and from which they could have fairly reached the conclusion they did. *Porcello* v. *Finnan,* supra. In the last analysis, the contention of the defendant is that this court retry the case on the evidence. We do not do this. *Priday* v. *Bacon,* 125 Conn. 354, 357, 5 A.2d 709.

There is no error.

In this opinion the other judges concurred.