## Nazzareno Giambartolomei *v.* Rocky DeCarlo and Sons, Inc., et al.

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued May 1—decided June 12, 1956

*Richard F. Oburchay,* with whom was *George N. Foster,* for the appellants (named defendant et al.).

*David M. Reilly, Jr.,* with whom, on the brief, was *David M. Reilly,* for the appellant (defendant Nicholas Barzetti, administrator).

*John V. Donnelly,* with whom was *Joseph Donnelly,* for the appellee (plaintiff).

DALY, J. This action was brought by the plaintiff against Rocky DeCarlo and Sons, Inc., hereinafter called the corporation; its agent, Russell McKeithen; and Nicholas Barzetti, administrator of the estate of Charles Barzetti and hereinafter called the administrator. The plaintiff sought recovery for personal injuries alleged to have been sustained as the result of the negligence of Charles Barzetti and the defendant McKeithen. The jury returned a verdict for the plaintiff. From the judgment rendered thereon all the defendants have appealed. The administrator claims that the court erred in refusing to charge as requested by him and in denying his motion to set aside the verdict. The other defendants assign as error the court's denial of their motion to set aside the verdict. By stipulation this appeal is determinative of the issues in another case in which the same questions of law are presented.

The plaintiff offered evidence to prove the following facts: On January 22, 1952, at about 2:15 p.m., he was a passenger in the front seat of an automobile owned by Charles Barzetti, who was driving it in a northerly direction on Wilson Avenue, a public

highway in Norwalk. McKeithen was operating the corporation's large dump truck in a southerly direction on Wilson Avenue. At the scene of the collision, Wilson Avenue has an asphalt surface eighteen feet wide and shoulders each two feet wide. A short distance south of the place of the accident, the highway is crossed at grade by two sets of railroad tracks. South of the tracks, the highway is straight for a distance of more than 500 feet. North of the tracks, it curves to the northeast. Shortly before the collision freezing rain and sleet had produced an icy and slippery condition on the highway. This hazardous road condition was made worse by snow, which was falling at the time of the accident. As the Barzetti car approached the scene, it was being driven on the easterly side of the highway at a speed of twenty miles per hour, and it continued at that speed until the collision became imminent. The truck, as it approached, was proceeding at a fast rate of speed. The plaintiff saw the truck when it was between 100 and 200 feet away. It was in the middle of the highway and completing the curve when it skidded toward the east side of the road. As the Barzetti car came upon the railroad tracks, it skidded toward the middle of the road. The plaintiff shouted to Barzetti, "Charlie, pull all you can, they going to hit." The two vehicles collided a short distance north of the tracks with great force. The truck came to a stop on the west side of the highway eighteen feet north of the tracks, with its right wheels on the shoulder of the road and its left wheels on the paved portion. The Barzetti car was spun around by the force of the collision and came to a stop facing south and parallel with the truck. The force of the impact seriously damaged the entire front part of the Barzetti car and the left front

part of the DeCarlo truck. Both vehicles were being driven at speeds which were excessive in view of the width of the highway, the curve, the icy and slippery condition of the road and the falling snow. The plaintiff received serious injuries as a result of the collision. Charles Barzetti also received serious injuries in the collision and subsequently died.

The corporation and McKeithen offered evidence to prove that the truck, equipped with "snow tread" tires, was proceeding southerly at a speed of about twenty-five miles per hour; that as it came around the curve McKeithen saw the Barzetti car eighteen or nineteen feet away, proceeding at about the same speed as that of the truck; that Barzetti had the wheels of his car turned to his right; that the Barzetti car was in a skid; that it crossed over to its left and collided with the truck, which had been brought to a stop on the west side of the road; and that the truck was at all times on its own side of the road.

The administrator offered evidence to prove that Charles Barzetti was, at all times, operating his car on his own side of the road; that it was not traveling fast; that McKeithen had driven the truck on the inside of the curve and it was on the east side of the highway; that Barzetti was faced with an emergency created solely by McKeithen and that the Barzetti car came to rest completely on its own right-hand side of the road.

The administrator contends that the trial court erred in not charging, as requested, that if the jury should find that "Barzetti crossed over the center line of the road involuntarily and without fault . . . such crossing would not be in violation of the rules of the road." It is clear that the administrator, in using the words "involuntarily," "crossed" and

"crossing," was referring to the course of travel of the car occasioned either by its skidding or the emergency claimed to have been created solely by McKeithen. The court, in its charge, stated that if the skidding was not due to any negligent act on the part of the operator, then the fact that the car skidded would not necessarily establish negligence; that if the operator acted as a reasonably prudent person would under the circumstances, he was not to be held negligent merely because the car skidded and caused damage, and that if the operator was not negligent in the operation of his vehicle up to the moment the car skidded, then he could not be held responsible unless his conduct after the car had skidded did not measure up to that of a reasonably prudent person under the circumstances. After the jury had retired, counsel for the administrator stated: "[T]he only exception I take is with regard to not charging on emergency. . . ." The court then recalled the jury and instructed them that an emergency is a situation which arises suddenly, without warning and which could not reasonably be foreseen by the reasonably prudent driver, and that if an emergency is created, but does not result from the driver's negligent operation up to the time of its creation, then the operator cannot be held responsible for the resultant accident unless his conduct after the emergency arises fails to measure up to that of a reasonably prudent person under the circumstances.

The court did not adopt the language in which the request to charge was couched. Nevertheless, error may not be predicated upon the failure of the court to charge in the exact language of the request when the subject has been fully and accurately covered in the charge. *Jacobs* v. *Swift & Co.*, 141 Conn. 276, 280, 105 A.2d 658. The court performs its duty when

its instructions are calculated "to give the jury a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence, and suited to their guidance in the determination of those issues." *Radwick* v. *Goldstein,* 90 Conn. 701, 706, 98 A. 583; *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 75, 82 A.2d 811. The instructions given covered the subject of the administrator's request to charge and were correct, adequate and in accord with established familiar applicable principles.

The corporation and McKeithen contend that the testimony of witnesses as to the physical and other facts demonstrates the untruthfulness of the plaintiff's testimony and that, therefore, the court erred in denying their motion to set aside the verdict. The administrator claims that, since the testimony of the plaintiff contradicted that of McKeithen and placed all of the blame on the latter and since the jury found the issues against McKeithen and the corporation, the verdict should not have been against him, the administrator, and that the court erred in denying his motion to set it aside. It is the duty of the trial court to set aside the verdict if it is apparent from the physical facts that the jury were swayed by improper motives. *Joanis* v. *Engstrom,* 135 Conn. 248, 251, 63 A.2d 151. We cannot say, however, that, from the evidence of the physical facts, it is apparent that the jury were influenced improperly. The jury are the judges of the credibility of witnesses, whether the contradiction is between different witnesses or between differing statements made by the same witness. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216. The jury decide what weight justly belongs to the evidence. If the verdict to which they have agreed is a conclusion to which

twelve honest men acting fairly and intelligently might come, then that verdict is final and cannot be disturbed. *Taylor* v. *Corkey,* 142 Conn. 150, 155, 111 A.2d 925; *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 A. 863. The jury were not confined to the evidence offered by the plaintiff or any one witness. The truth in closely contested cases does not always lie altogether upon one side. It is often found partly in the evidence of a plaintiff and partly in that of a defendant. *Russell* v. *Vergason,* 95 Conn. 431, 434, 111 A. 625.

The propriety of the court's refusal to set aside the verdict is to be tested by the evidence most favorable to the plaintiff. *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 153, 104 A.2d 221; *Markee* v. *Turner,* 140 Conn. 701, 702, 103 A.2d 533; *Sanderson* v. *Bob's Coaster Corporation,* 133 Conn. 677, 678, 54 A.2d 270. The concurrence of the judgments of the judge and the jury who saw the witnesses and heard the testimony is a powerful argument for sustaining the action of the trial court. We are to decide only whether there was evidence which the jury could have reasonably credited and from which they could have fairly reached the conclusion they did. In the last analysis, the defendants ask that this court retry the case on the evidence. We do not do this. *Taylor* v. *Corkey,* 142 Conn. 150, 155, 111 A.2d 925. The court did not err in denying the defendants' motions to set aside the verdict.

Certain of the administrator's assignments of error are aimed at correcting the finding. "The finding, in the case of a jury trial, will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court." *State* v. *Gargano,* 99 Conn. 103, 106, 121 A. 657; *Cornwell* v. *Rosoff,* 137 Conn. 458, 460, 78 A.2d 544. Here no

correction is reasonably necessary to fairly present any claimed error.

There is no error.

In this opinion INGLIS, C. J., and WYNNE, J., concurred.

BALDWIN, J. (dissenting in part). I agree that there was no error as to either of the defendants in the court's refusal to set the verdict aside on the ground that it was against the evidence. The refusal of the court to respond to the defendant administrator's request to charge that if the jury found that the Barzetti car crossed the middle line of the road involuntarily and without fault, that crossing would not be in violation of the rules of the road was, as to the defendant administrator, harmful error. McKeithen, the driver of the DeCarlo truck, testified that when he first saw the Barzetti car it was on its own side of the road but that it skidded across in front of his truck and collided with it. It was in the light of this claim, no doubt, that Barzetti filed his request. The court did charge the jury with reference to liability for skidding and the conduct of a driver confronted with an emergency. It then read the statute which required the operator of a vehicle meeting another on a public highway to "seasonably turn to the right so as to give half of the traveled portion of such highway" to the person so met. General Statutes § 2489. When evidence is offered to prove a certain set of facts important to the decision of the case and a party desires the court to charge the law applicable to those facts, it is the duty of that party to request an appropriate charge. It is the duty of the court to comply in substance with the request. *Tyburszec* v. *Heatter*, 141 Conn. 183, 187, 104 A.2d 548; *Lewandoski* v. *Finkel*, 129 Conn.

526, 529, 29 A.2d 762; *Piascik* v. *Railway Express Agency, Inc.,* 119 Conn. 277, 279, 175 A. 919. The charge requested was substantially accurate in point of law. *Giancarlo* v. *Karabanowski,* 124 Conn. 223, 226, 198 A. 752; *Martin* v. *Holway,* 126 Conn. 700, 702, 14 A.2d 38; *Grantham* v. *Bulik,* 137 Conn. 640, 642, 80 A.2d 515. The charge given with reference to skidding and meeting an emergency, while correct, was inadequate to meet the vital issue to which the requested charge was directed.

In this opinion O'SULLIVAN, J., concurred.