GAETANO AMATO ET AL. *v.* FREDDY A. SAWICKI

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued May 7—decided June 9, 1970

*William R. Davis,* with whom were *Lee G. Kuckro* and, on the brief, *Leon RisCassi,* for the appellants (plaintiffs).

*Edward F. Hennessey,* for the appellee (defendant).

RYAN, J. In this negligence action the plaintiffs seek to recover damages for personal injuries arising out of a collision between an automobile owned and operated by the plaintiff Gaetano Amato, in which the plaintiffs Anna Amato and Mary Cocolla were passengers, and the automobile owned and operated by the defendant, Freddy Sawicki. The plaintiffs allege in their complaint that their injuries were caused by the negligence of the defendant in that he failed to keep a proper lookout; in that he failed to keep his car under proper control; in that he operated his car at an unreasonable speed; in that he failed to apply his brakes in time to avoid a collision; in that he made a sudden application of his brakes when there was no necessity to do so; and in that he failed to operate his vehicle in the right-hand lane of traffic, in violation of § 14-231 of the General Statutes. The defendant in his answer denied the allegations of negligence and set up two special defenses. In the first special defense he alleged that the accident was unavoidable. In the second special defense he alleged that the plaintiff Gaetano Amato was chargeable with contributory negligence. The jury returned a verdict for the defendant, and from the judgment rendered thereon the plaintiffs have appealed.

The plaintiffs assign error in the refusal of the trial court to set aside the verdict in favor of the defendant on the grounds that it is not supported by the evidence and is contrary to law. We test the court's action in this respect by the evidence printed in the appendices to the briefs. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 498,

208 A.2d 748. In determining this issue, the evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 77, 245 A.2d 129.

From the evidence the jury reasonably could have found the following facts: On February 10, 1965, at about 6:58 a.m. the defendant was driving in an easterly direction on route 6 in the town of Farmington. There was no precipitation at the time. The highway in the area of the accident was twenty-four feet wide, with two twelve-foot lanes of travel separated by a center line. There was a nine-foot shoulder on each side of the road. The defendant came to a hill which sloped downward for eastbound traffic. The road was straight for a distance of 6000 feet. The defendant started down the hill at twenty-five miles per hour. He noticed a line of cars well ahead of him and maintained that speed in order to keep the same distance between his car and the line of cars ahead of him. He observed the brake lights of the last car in the line and saw the car veer to the right. At this time the defendant's car was from 270 feet to 600 feet away from the car ahead of him. He looked at the road surface and it appeared clear. He then applied his brakes but did not jam them. His car slid sideways for five to ten seconds, during which time he tried to get it under control, but the car did not respond. The slide carried the defendant's car into the westbound lane. While still sliding, the defendant's car was struck on the right side by the front of the car owned and operated by the plaintiff Gaetano Amato, which was coming up the hill in a westerly direction. At the time of impact, the speed of the Amato car was forty miles per hour. The posted speed limit in the area was

forty-five miles per hour. The defendant's car was in good mechanical condition and had four good tires, including snow tires on the rear wheels. The slide was caused by ice. As the plaintiff Amato proceeded up the hill, there were no cars ahead of him in the westbound lane. He saw no ice on the road prior to the impact. Ten minutes after the collision he saw a state truck sand the road, including the area where the collision occurred. There was ice extending into the area of impact which caused him to slide when he hit the defendant's car. He did not see the defendant's car until it was right in front of him. The accident occurred 1500 feet from the bottom of the hill.

On this evidence we cannot say that it was unreasonable for the jury to conclude that the plaintiffs had failed to prove actionable negligence on the part of the defendant. This is true especially in view of the evidence as to skidding, since evidence of skidding is not, in and of itself, evidence of negligence. *Lowell* v. *Daly,* 148 Conn. 266, 273, 169 A.2d 888; *Grantham* v. *Bulik,* 137 Conn. 640, 641, 80 A.2d 515; *Nichols* v. *Nichols,* 126 Conn. 614, 619, 13 A.2d 591.

The plaintiffs assign error in the charge of the court as to lookout and control. They concede in their brief that the trial court recited the legal principles applicable to these specifications of negligence on the part of the defendant, but they urge that the court made no attempt to relate these principles to the facts of the case. *Vita* v. *McLaughlin,* 158 Conn. 75, 77, 255 A.2d 848; *Berniere* v. *Kripps,* 157 Conn. 356, 360, 254 A.2d 496. The court discussed the facts with the jury and correctly indicated to them those which were undisputed. It also instructed the jury that most of the other facts, including the weather conditions, whether the highway was wet or dry,

what caused the defendant to go over to the plaintiffs' side of the road, and the details of the traffic on the defendant's side of the road, were in dispute. The issues were not complicated, and the recital of the essential facts and the instructions on each of the applicable specifications of negligence were adequate. "The test of a charge is not whether it applies pertinent rules of law to every ramification of facts conceivable from the evidence. Rather, it is whether the charge 'fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law.' *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 20, 118 A.2d 798; *Steinecke* v. *Medalie,* 139 Conn. 152, 157, 90 A.2d 875." *Szela* v. *Johnson Motor Lines, Inc.*, 145 Conn. 714, 721, 146 A.2d 910. The portions of the charge under attack were adapted to the issues, correct in law and sufficient for the guidance of the jury.

The plaintiffs also claim that the court committed prejudicial error in sustaining the defendant's objection to a portion of the plaintiffs' final argument to the jury. In the course of the trial, a member of the Connecticut state police was called by the plaintiffs. On cross-examination, the defendant elicited from the officer the fact that he gave a traffic summons to the defendant at his home the day following the accident. The defendant then inquired of the officer what the summons was for. The plaintiffs objected, and the court sustained the objection. In rebuttal argument, the plaintiffs' counsel argued in substance that the officer investigated the accident, looked into the facts, talked to all of the plaintiffs and interviewed the defendant on the day following the accident. He then said to the jury, "What did he do? He gave Mr. Sawicki a traffic summons." At this point the defendant objected on the ground that

the statement was unfair in that it asked the jury to draw an inference unfavorable to the defendant by speculating as to why the summons was given and for the further reason that the plaintiffs' own objection had prevented these facts from being elicited at the trial. The court sustained the objection on the ground that the statement called upon the jury to speculate as to the reasons for the summons and that, in view of the circumstances under which the evidence was excluded, the argument was unfair and improper. An exception was duly noted by the plaintiffs.

After the completion of argument, and in the absence of the jury, the plaintiffs again urged that the fact that a summons was given was in evidence as the result of the defendant's question and that they had a right to refer to it and were referring to it properly in argument. Exception was taken to the remarks of counsel and of the court made during the course of the argument. The court declined to permit that portion of the testimony to be read as requested by the plaintiffs on the ground that even if the plaintiffs were correct in their claim that the officer said he gave the defendant a summons, that line of testimony was stopped upon objection of the plaintiffs. The court ruled that such an argument would lead the jury to speculate on what the summons was for and that the argument was unfair and improper.

The plaintiffs urge that the court's ruling curtailed legitimate, proper argument and that it was highly prejudicial to the plaintiffs since, in effect, the court was stating to the jury that an improper and unfair argument was being made which went beyond the evidence. The only conceivable purpose of the plaintiffs' argument was to suggest to the

jury that the issuance of a traffic summons by the officer permitted an inference of negligence on the part of the defendant. Needless to say, such an inference would be improper. To have permitted the excluded argument would have enabled the plaintiffs to claim, as an inference, not only something not supported by evidence but something which they had blocked the defendant from introducing and which they had chosen not to introduce although they had the opportunity to do so. *Carney* v. *DeWees,* 136 Conn. 256, 265, 70 A.2d 142. The trial court is invested with a large discretion with regard to arguments of counsel, and we should interfere only where that discretion was clearly exceeded or abused to the manifest injury of some party. *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 452, 254 A.2d 907; *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899; *James* v. *Bowen,* 83 Conn. 702, 706, 78 A. 420. There was no abuse of discretion on the part of the trial court.

The remaining assignment of error does not require discussion.

There is no error.

In this opinion the other judges concurred.